UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JACK C. VIELEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-01324 |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER & OPINION

This matter is before the Court on a Motion to Dismiss by Defendant The Travelers Indemnity Company of Connecticut. (Doc. 6). Plaintiff Jack C. Vieley has responded (doc. 8), and Defendant has replied (doc. 11) with leave of Court. The Motion is ripe for review. For the following reasons, the Motion is granted.

### BACKGROUND

This lawsuit originated in the Eleventh Judicial Circuit in McLean County, Illinois, and was timely removed to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). (Doc. 1). Plaintiff alleges Defendant breached an insurance contract following flood damage to allegedly insured property (Count I) and seeks statutory damages under 215 ILCS 5/155(1) (Count II). (Doc. 1-1 at 1–4).

### LEGAL STANDARD

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain a "short and plain statement of the [plaintiff's] claim"

sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories; rather, the complaint need only contain enough facts "to present a story that holds together." *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit has consistently noted the essential function of Rule 8(a)(2) is to put the defendant on notice. *Divane v. Nw. Univ.*, 953 F.3d 980, 987 (7th Cir. 2020) ("A complaint must 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

On review of a Rule 12(b)(6) motion, courts construe the complaint in the light most favorable to the plaintiff. *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (citing *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)). This means "accept[ing] all of the well-pleaded facts as true and 'draw[ing] all reasonable inferences [from those facts] in favor of the plaintiff.'" *Id.* (quoting *Kubiak*, 810 F.3d at 480–81). The court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). "'Naked assertions devoid of factual enhancement' [are] insufficient." *Dabbs v. Peoria Cnty. Ill.*, No. 1:16-cv-01463,

2017 WL 3574999, at *2 (C.D. Ill. Jan. 12, 2017) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, 690 F. App'x 416 (7th Cir. 2017).

### DISCUSSION

The papers filed in connection with the instant Motion are perplexing. The parties have treated them as pleadings by numbering their paragraphs and admitting or denying said paragraphs. (Docs. 6, 8, 11). Motions to dismiss under Rule 12(b)(6) and responses thereto are not pleadings. Fed. R. Civ. P. 7. They are substantive documents which the Court expects to contain appropriate, developed factual and legal *arguments*, not allegations to be admitted or denied. Put another way, the response to a motion to dismiss should explain why dismissal is inappropriate by citing to legal authority (preferably, binding authority) and facts contained in the complaint. Plaintiff's failure to present any factual or legal argument in his Response renders it rather unresponsive and unhelpful.

### I. Count II – Section 155 Claim

In Count II of the Complaint, Plaintiff seeks statutory relief under section 155 of the Illinois Insurance Code, which provides, in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance . . . and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of [three designated] amounts.

215 ILCS 5/155(1). "As described by the Supreme Court of Illinois, section 155 provides 'an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable.' "

3

*Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519, 675 N.E.2d 897, 900 (1996)). However, "[i]f there is a bona fide dispute regarding coverage—meaning a dispute that is [r]eal, genuine, and not feigned—statutory sanctions [under section 155] are inappropriate." *Id.* (quoting *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007)); *see also Nine Grp. II, LLC v. Liberty Int'l Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 44 (gathering cases and stating "Section 155 costs and sanctions are inappropriate when a *bona fide* dispute regarding coverage exists"), *appeal denied*, 154 N.E.3d 803 (Ill. 2020); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) ("[A]n insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." (citations omitted)).

Here, the Complaint asserts Defendant has not paid an insurance claim, seemingly dated June 29, 2021, for flood damage to allegedly insured property. (Doc. 1-1 at 1–4). This is insufficient to state a claim for statutory penalties under Section 155. For example, the Complaint does not state Plaintiff's claim was denied, relay any communications from Defendant, or give any information from which one could infer the delay of a few months[1] is vexatious and unreasonable as opposed to a bona

---

[1] At the time Plaintiff filed suit, his claim had been pending for approximately three and a half months. (*See* doc. 1-1).

fide dispute over coverage; Plaintiff's conclusory allegation that Defendant's conduct is "willful, vexatious, and without any reasonable cause or excuse" does not suffice. The failure to pay an insurance claim does not necessarily imply the failure to pay is wrongful, and Plaintiff has alleged no facts beyond Defendant's alleged "dilly dall[ying]" (doc. 8 at 2). Count II must be dismissed. If he is able to cure these factual deficiencies, Plaintiff may file an amended complaint within fourteen (14) days.

## II.    Next Steps

In the event Count II is dismissed, Plaintiff asserts this case must be remanded to state court because the amount in controversy would no longer exceed $75,000, thus destroying jurisdiction under 28 U.S.C. § 1332(a).[2] (Doc. 8 at 3). As Defendant argues in its Reply, this is an incorrect statement of law. "[I]f the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction." *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). The amount in controversy at the time of removal exceeded the jurisdictional threshold; per *Shierk*, the fact it has now fallen below that threshold does not affect the Court's jurisdiction. Because Plaintiff has not provided any viable basis for remand, the Court will not remand this case to state court. *See generally Rothner v. City of Chi.*, 879 F.2d 1402, 1406 (7th Cir. 1989) ("[A] district court may not remand a case to state court on discretionary grounds not authorized by § 1447(c).").

---

[2] Curiously, this assertion fails to account for any opportunity to amend the complaint.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (doc. 6) is GRANTED; Count II is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within fourteen (14) days.

SO ORDERED.

Entered this 8th day of December 2021.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
